**INDIANA HIGH SCHOOL ATHLETIC ASSOCIATION, INC., Appellant–Defendant,**

v.

**Jason CARLBERG b/n/f James E. Carlberg and Donna S. Carlberg, Appellees–Plaintiffs.**

No. 29A02–9412–CV–724.

Court of Appeals of Indiana.

Feb. 19, 1996.

Robert M. Baker, III, Johnson, Smith, Pence, Densborn Wright & Heath, Indianapolis, for Appellant.

James E. Carlberg, Ronald E. Elberger, Bose McKinney & Evans, Indianapolis, for Appellees.

## OPINION

ROBERTSON, Judge.

The Indiana High School Athletic Association, Inc. [IHSAA] appeals the trial court's order enjoining the enforcement of the IHSAA's "Transfer Rule" against high school student, Jason Carlberg, who had transferred from a private high school to a public one for reasons unrelated to athletics without an attendant move by his parents. Under these circumstances, the Transfer Rule provided that Jason would have been ineligible to participate on the varsity swimming team for the year following his transfer. The IHSAA raises five issues with several subparts. However, because the resolution of this case is controlled by supreme court precedent, we consolidate our analysis under the following dispositive issue:

> whether the IHSAA Transfer Rule is violative of the Fourteenth Amendment to the United States Constitution when applied to a student who transfers from one high school to another for reasons unrelated to athletics.

We affirm.

## FACTS

The dispositive facts are undisputed. Jason Carlberg lives with his parents in Car-

mel, Indiana, and had attended the Carmel–Clay public schools from the first through the eighth grades. However, Jason attended the ninth grade at Brebeuf Preparatory School for the 1993–1994 school year where he swam on the varsity swim team. At Brebeuf, however, Jason's grades suffered because he fell in with a peer group that had not been motivated to study. Simultaneously, his father's income from the practice of law declined.

Jason's parents decided, for academic and financial reasons, that Jason would transfer to Carmel High School for the 1994–1995 school year. Jason's transfer triggered the IHSAA's Rule 19, the Transfer Rule, which provides that, under the present circumstances, Jason has only limited eligibility to participate in athletics the year following his transfer. He is eligible to participate at the junior varsity level but not at the varsity level.

Jason exhausted his administrative remedies including a hearing before the IHSAA Executive Committee. Jason then sought judicial intervention alleging that the application of the Transfer Rule was arbitrary and capricious and violated his constitutional rights. The trial court heard evidence and enjoined the IHSAA from enforcing the Transfer Rule against Jason and ordered that he be permitted to participate on Carmel's varsity swimming team. The trial court further enjoined the IHSAA from acting under its Rule 17–6, the "Restitution Rule" which provides that, if a student is ineligible under the IHSAA rules, but is permitted to participate under the terms of a court order which is ultimately found to be invalid, the IHSAA may, in the interest of restitution and fairness to competing schools, require team victories to be forfeited, individual or team records vacated, the awards returned, and the school's net receipts from any IHSAA tournament in which the ineligible student has participated forfeited.[1] This appeal ensued.

## DECISION

The resolution of the present case is controlled by *Sturrup v. Mahan,* 261 Ind. 463, 305 N.E.2d 877 (1974). In *Sturrup,* our supreme court held that the IHSAA Transfer Rule was unconstitutionally overbroad in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution when applied to deny a student eligibility to participate in varsity athletics where the student had transferred from one high school to another for reasons unrelated to athletics. 305 N.E.2d at 881.

*Sturrup* is out of the mainstream of case law on federal equal protection analysis. *IHSAA v. Schafer,* Ind.App., 598 N.E.2d 540, 553 (1992), *trans. denied.* In *Schafer,* we noted several cases from other jurisdictions which had specifically criticized *Sturrup,* and had found it to be incorrect. *Id.* n. 8. Nevertheless, we held that *Sturrup,* as supreme court precedent, was binding upon our court. *Id.*

In the present case, Jason transferred from one school to another for academic and financial reasons—reasons which were unrelated to athletics. Therefore, the IHSAA's application of its Transfer Rule was overbroad in violation of federal equal protection and the trial court appropriately enjoined its enforcement. *Id.*[2]

Judgment affirmed.

NAJAM, J., concurs.

BAKER, J., concurs with separate opinion.

1. There is a split in authority regarding whether the IHSAA Restitution Rule may be enforced. The *IHSAA v. Avant,* Ind.App., 650 N.E.2d 1164, 1171 (1995), *trans. denied,* court held that the rule was manifestly unreasonable and could not be enforced. However, the *IHSAA v. Reyes,* Ind. App., 659 N.E.2d 158 (1995), court held that the IHSAA could enforce its Restitution Rule. 659 N.E.2d at 169–171.

2. The present case is factually similar to our recent case of *IHSAA v. Avant,* Ind.App., 650 N.E.2d 1164 (1995), *trans. denied,* in which we upheld the enforceability of the IHSAA Transfer Rule. However, the present case is distinguishable in that the student in *Avant* apparently did not challenge the rule on the basis of federal equal protection as applied by the Indiana courts.

BAKER, Judge, concurring.

While I concur in the result reached by the majority, I write because I am reluctant to join in the majority's criticism of our Supreme Court's decision in *Sturrup v. Mahan,* 261 Ind. 463, 305 N.E.2d 877 (1974). In *Sturrup,* the Court determined that although the reasons behind the IHSAA rules regarding transferee eligibility were valid, those rules became unreasonably over-broad when applied to a student transferring schools for reasons unrelated to athletics.

> In short, the purported objective of the transferee eligibility rules is to prevent the use of undue influence and school "jumping," but their practical effect is to severely limit the transferee eligibility in general. The rules as presently constituted penalize a student-athlete who wishes to transfer for academic or religious reasons or for any number of other legitimate reasons.

*Sturrup,* 261 Ind. at 469, 305 N.E.2d at 881. Many decisions both in and outside of Indiana have criticized *Sturrup's* use of an overbreadth analysis in determining an equal protection issue. *See IHSAA v. Schafer,* 598 N.E.2d 540, 553 (Ind.Ct.App.1992) (federal decisions hold that under traditional equal protection scrutiny a rule may not be invalidated due to overbreadth). Nevertheless, even applying the analysis suggested by these decisions, I believe the IHSAA rule to be a violation of the guarantee of equal protection.

Generally, courts considering equal protection challenges to statutes or regulations employ a "rational basis" test. With this test, legislation is presumed to be valid, and will be sustained as long as the classification drawn by the statute is rationally related to a legitimate state interest. *Schafer,* 598 N.E.2d at 551. The goal, or legitimate state interest, of IHSAA's transferee eligibility rule is to "preserve the integrity of interscholastic athletics by minimizing recruitment, proselyting, and school 'jumping' for athletic reasons." *Sturrup,* 261 Ind. at 468, 305 N.E.2d at 881. The classification with which this action is concerned is set forth by IHSAA rule 19–6, which provides that students who transfer without a corresponding change of residence by the students' parents may be declared to have limited eligibility, in the absence of specific circumstances such as destruction of the former school. *See* IHSAA Rule 19–6.1. I do not believe that this broad classification: students who change schools without a change in residence by their parents, is rationally related to the rule's purpose. While the rule will possibly have the inadvertent effect of discouraging athletically-motivated transfers, the rule is more likely to have a detrimental effect on legitimate transfers. A better classification would require students and parents to demonstrate the motives behind the student's transfer, and in the absence of a legitimate explanation, would then apply the presumption that the transfer was motivated by athletics.

Additionally, I believe, for reasons eloquently set forth in *Anderson v. Indiana High School Athletic Association,* 699 F.Supp. 719 (S.D.Ind.1988), that the trial court correctly found that IHSAA's actions under the present circumstances were arbitrary and capricious. Although this court is generally not permitted to interfere in the internal affairs of voluntary associations, we can intervene when an association violates a member's property or civil rights or exercises its powers to make and enforce rules in an unlawful, arbitrary or malicious manner. *United States Auto Club, Inc. v. Woodward,* 460 N.E.2d 1255, 1260–61 (Ind.Ct.App.1984). The transferee eligibility rules, although intended to deter transfers for athletic reasons or for undue influence, operate to discourage and prohibit transfers for non-athletic, legitimate reasons, such as religious, financial, academic or social reasons.

> It is obvious that Ms. Anderson is transferring for reasons other than athletics and that no undue influence existed resulting in the transfer. Ms. Anderson quite simply only wants to attend a larger school which has more social and extracurricular opportunities.... Ms. Anderson, in reviewing the Appellate Rules of the IHSAA, immediately sees, as does this Court, that a student who transfers legitimately for reasons such as Ms. Anderson will be absorbed into a rule not ever meant to affect

her. Consequently, she and others like her will be a victim of an over-broad, over-inclusive rule.... It is apparent that the application of the rule's ineligibility to bar Ms. Anderson and other transfer students similarly situated, is unreasonable....

*Anderson,* 699 F.Supp. at 730. Similarly, in the present situation, the IHSAA made a determination that Carlberg's transfer was not motivated by athletics, yet, in the interests of discouraging other students from transferring for athletic reasons, the IHSAA chose to limit Carlberg's athletic eligibility. This action is the result of an over-broad, over-reaching rule, which as I stated above, is not rationally related to its purpose. As a result, I believe the trial court correctly determined that the IHSAA's actions in enforcing the rule were arbitrary and capricious.

In conclusion, I join Chief Judge Brooks in his comments regarding the IHSAA transferee eligibility rule:

The rule lacks provision for the application of common sense and reasonableness. Its rigid enforcement fails to cure or address the abuse for which it was intended. Pure and simple, it's an overkill, which the Court hopes is rectified in the immediate future.

*Anderson,* 699 F.Supp. at 731.