ATTORNEY FOR APPELLANT ATTORNEYS FOR APPELLEE

Robert M. Baker, III James E. Carlberg

Johnson Smith Pence Densborn Ronald E. Elberger

   Wright & Heath George T. Patton, Jr.

Indianapolis, Indiana Bose McKinney & Evans

Indianapolis, Indiana

In The

INDIANA SUPREME COURT

                 INDIANA HIGH SCHOOL ATHLETIC ) 

ASSOCIATION, INC. )

Appellant (Defendant below), ) 

)

v. ) 29S02-9610-CV-681

) JASON A. CARLBERG b/n/f )

JAMES E. CARLBERG and ) 

DONNA S. CARLBERG, )

Appellees (Plaintiffs below). )

                          ________________________________________________  

APPEAL FROM THE HAMILTON CIRCUIT COURT

The Honorable Richard T. Payne, Special Judge

Cause No. 29C01-9410-CP-737

                        _________________________________________________

On Petition For Rehearing

May 4, 1998

DICKSON,  J., dissenting to denial of rehearing. 

In 
Indiana High Sch. Athletic Ass’n v. Carlberg
, 1997 WL 781628 (Ind. Dec. 19, 1997), this Court’s majority opinion reversed the decisions of the trial court and the Court of Appeals, each of which had upheld a student’s challenge to an Indiana High School Athletic Association (“IHSAA”) ruling.  I continue to believe that the majority opinion is incorrect, and would grant rehearing in accordance with the views expressed in my dissent to the majority opinion.  
Id.
 at *16 (Dickson, J., concurring and dissenting).  In addition to these reasons, however, I further believe that rehearing should be granted to consider for the first time whether fairness requires that we apply our new jurisprudence only prospectively.  

After failing to thrive during the ninth grade at an Indianapolis parochial school, Jason Carlberg and his parents decided to transfer him to their local public high school. Jason thereafter sought to participate in high school athletics.  Notwithstanding its own finding of no athletic motivation in the transfer, the IHSAA applied its Transfer Rule to deny Jason eligibility to participate in varsity competition.  The Carlbergs sought injunctive relief.   Following and applying then-existing and long-standing precedent from this Court in 
Sturrup v. Mahan
, 261 Ind. 463, 305 N.E.2d 877 (1974), the trial court enjoined the IHSAA and ordered that Jason be allowed to participate in high school varsity athletics.  Jason and his high school relied upon the trial court judgment and Jason subsequently competed in varsity swimming during his tenth grade year.  The IHSAA appealed, but the Court of Appeals affirmed the trial court.  
Indiana State High Sch. Athletic Ass’n, Inc. v. Carlberg
, 661 N.E.2d 833 (Ind.Ct.App. 1996).  On transfer, a majority of this court reversed.  

In their petition for rehearing, Jason and his parents contend that our new ruling should not apply retroactively.  In addition to emphasizing that Jason and his high school acted in good-faith reliance upon the trial court judgment and then-existing clear precedent of this Court, the Carlbergs also direct our attention to an analogous contemporaneous case involving one of Jason’s teammates.  Jason’s teammate, similarly restricted by an IHSAA Transfer Rule decision in the absence of athletic motivation for the transfer, successfully obtained injunctive relief against the IHSAA.  While the IHSAA appealed the trial court judgment in favor of Jason, the IHSAA accepted and dismissed its challenge to the judgment in favor of his teammate.  

The Carlbergs urge that retroactive application of this Court’s decision is not necessary and is inequitable to Jason, his high school, and his teammates, who now face cancellation of all awards earned in good faith by the school and the team. They correctly cite to other cases in which this Court has adopted new precedent and applied it prospectively instead of retroactively.  
See, e.g.,
 
Manns v. State Dept. of Highways
, 541 N.E.2d 929, 936 (1989); 
Welsh v. Sells
, 244 Ind. 423, 446-47, 192 N.E.2d 753, 765 (1963).

In our decision overruling existing precedent and adopting a new jurisprudence for reviewing IHSAA rulings, this Court did not consider the possibility of applying its decision prospectively only.  Furthermore, our opinion does not present any “strong and compelling” reason for the retroactive application of its new rule.  
Manns
, 541 N.E.2d at 936.  I am persuaded that rehearing for this purpose is proper and that fairness requires that the new rule adopted by this Court operate prospectively only.